HERMAN J. KRAUSE ET AL., APPELLEES, V. PETER J. LONG ET AL., APPELLANTS.

FILED MARCH 12, 1923. No. 23018.

1. **Judgment:** SUIT TO ENJOIN: SUFFICIENCY OF PETITION. Petition examined, and *held* sufficient to state a cause of action to enjoin the enforcement of a judgment.

2. ———: ———. SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* to sustain the findings of fact made by the trial court.

3. ———: FRAUD IN PROCUREMENT: RELIEF IN EQUITY. Equity will afford relief against a judgment procured by fraud of the successful party, when it appears that the injured party did not, in the exercise of reasonable diligence, discover, within the time allowed for commencing a statutory proceeding to vacate such judgment, sufficient evidence of the fraud to warrant a reasonable belief and expectation that such a proceeding would be successful, if begun.

4. ———: REVIVOR: FRAUD AS DEFENSE. Fraud in procuring a judgment cannot be urged as a defense in a proceeding to revive the same.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Byron .G. Burbank* and *Thomas Lynch,* for appellants.

*Sullivan, Wright & Thummel* and *Arthur F. Mullen,* contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and GOOD, JJ., RAPER, District Judge.

GOOD, J.

This is an appeal from a decree of the district court for Sheridan county, which enjoined the appellants from

enforcing a judgment, recovered on July 5, 1919, in the district court for Douglas county by Peter J. Long and Anna Long against John H. Krause and Herman J. Krause.

Peter J. Long, the owner of a section of land in Sheridan county, on which was a lake of 200 acres or more, in the latter part of December, 1915, entered into a contract with John H. and Herman J. Krause for the sale of said land for a consideration of $8,000, and received $300 as earnest money. February 3, 1916, the Krauses paid the remainder of the purchase price and received a deed from Long and wife. Two years later Long and wife instituted an action in the district court for Douglas county against the Krauses to recover damages. In that action the Longs charged in their petition that the lake on the land contained potash and valuable mineral which was wholly unknown to them at the time of the conveyance, but that such fact was fully known to the Krauses, and that by the false statements and misrepresentations of the Krauses the plaintiffs in that action were deceived and misled as to the value of the lake. In that action the Longs recovered a judgment for $75,000, which was later affirmed in this court. *Long v. Krause*, 105 Neb. 538. More than two years after the entry of the judgment by the district court, Herman J. Krause and the heirs of John H. Krause, who in the meantime had died, commenced this suit in the district court for Sheridan county to enjoin the collection of the judgment. In this action the plaintiffs allege that the defendants Peter J. Long and Anna Long conspired together to cheat and defraud John H. and Herman J. Krause, and brought the action to prosecute a fraudulent claim against them, and that in procuring the judgment they gave and caused to be given false and perjured testimony, to the effect that at the time of the conveyance of said lands they had no knowledge that there was potash or other valuable mineral in said lake, and that they believed the Krauses desired said land for

grazing purposes only, and that but for such false and perjured testimony the judgment could not have been obtained. The plaintiffs further allege that they did not have knowledge of the perjury of said Longs until long after they could take advantage of said fact in said action. The district court found that the judgment in Douglas county was the product of false and perjured testimony, given by said Peter J. Long and Anna Long; that the true character of the waters of said lake was well known to them at the time of the sale of the lands; that neither of the Longs was deceived or misled by the Krauses as to the value of the lands or quality of the waters in the lake, and enjoined the collection of the judgment.

1. Appellants contend that the petition is fatally defective in the following respects: That it does not contain any averment that the Krauses did not discover the evidence to establish the perjury and fraud complained of within two years of the entry of the judgment; that it does not contain any averment showing due diligence on the part of the Krauses to discover and present the evidence to refute the alleged perjury on the trial of the law action; and, lastly, it is defective because it contains no averment that the value of the lake, as found by the jury, was not its true value.

As to the first objection, the petition shows an averment to the effect that appellees did not have the means, or knowledge of evidence, by which to disprove the alleged perjured evidence given by the Longs until long after they could take advantage of said fact in said action. We deem this averment sufficient to meet the first objection. As to the second objection, the record discloses that the Longs testified that they had no knowledge of the mineral contents of the lake at the time they sold the land, and that they were led by the statements of the Krauses to believe that the latter desired the land for grazing purposes only. Whether the Longs had such knowledge was a fact peculiarly within their own

minds, and the knowledge they possessed could not well be known by others, unless the Longs had disclosed the information. Appellees could not be expected to anticipate that their adversaries would resort to perjury, nor to look for evidence to establish it until such time as they should be apprised of facts that would show that perjury had been committed, or at least put them upon inquiry. We think under the circumstances that no allegation, with respect to diligence was required. As to the third objection, it seems to us wholly immaterial whether the value of the lake, as found by the jury, was its true value. The real question was whether the Longs had been deceived and misled. If at the time they sold the land they knew the mineral content of the lake and knew that the Krauses wanted the land for other than grazing purposes, they were not deceived or misled by the Krauses, and the real value of the lake would be of no consequence, save that it might be a circumstance tending to corroborate the claims of one or the other of the parties. The petition is held to be sufficient to state a cause of action to enjoin the enforcement of the judgment.

2. We have examined and read with care the entire record. The evidence shows that both Long and wife knew before they sold the land to the Krauses that the waters of their lake had been tested for potash, and they believed that, in view of the distance of the lake from the railroad, its waters did not contain sufficient potash to justify the expense of building a pipe line to a reduction plant. They also knew that the Krauses wanted the land because they believed there was potash in the lake in paying quantities. It also shows that they asked and received from 50 to 75 per cent. more for the land than they had offered to sell it for a few months before. Our view of the record is that the evidence not only warrants but compels the findings of fact made by the trial court.

3. Appellants assert that the record shows that ap-

pellees discovered the evidence tendered to support the
charge of fraud and perjury within two years of the
date of the judgment, and that they could have applied
for a vacation of the judgment in the court where
rendered, and therefore they should be denied relief in
a court of equity.

There is marked contrariety of opinion as to the right
to relief in equity against a judgment procured by
fraud, where a statutory remedy exists. Equitable juris-
diction on this ground is as ancient as the existence of
chancery. Courts of equity have generally been reluctant
to concede exclusive jurisdiction to courts of law arising
from statutory enactment. In many jurisdictions it is
held that the remedy provided by statute is concurrent
with equity, and that the aggrieved party may have
his election of remedies. 1 Pomeroy, Equity Jurispru-
dence (4th ed.) 169; 11 Ency. of Pl. and Pr. 1185;
*Darst v. Phillips,* 41 Ohio St. 514; *Meyers v. Smith,* 59
Neb. 30; *Munro v. Callahan,* 55 Neb. 75; *Abbott v. John-
ston,* 93 Neb. 726; *Wirth v. Weigand,* 85 Neb. 115; *Na-
tional Surety Co. v. State Bank,* 56 C. C. A. 657; *Thomp-
son v. Laughlin,* 91 Cal. 313; *Wright v. Hake,* 38 Mich.
525; *Brown v. Parker,* 28 Wis. 21.

The rule obtains in this and some other jurisdictions
that equity will not afford relief if the complainant has
a remedy by statutory proceeding in the original action,
and that to be entitled to equitable relief against the
enforcement of a judgment procured by fraud the party
must not have neglected to avail himself of a statutory
remedy. *Van Antwerp v. Lathrop,* 70 Neb. 747; *State
v. Lincoln Medical College,* 86 Neb. 269; *Bankers Life
Ins. Co. v. Robbins,* 53 Neb. 44; *Proctor v. Pettitt,* 25
Neb. 96; 23 Cyc. 981; *Wirth v. Weigand, supra; National
Surety Co. v. State Bank, supra; Thompson v. Laughlin,
supra.*

Subdivision 4, sec. 9160, Comp. St. 1922, confers upon
district courts the power to vacate their judgments,
after the term for which rendered, for fraud practiced

by the successful party in obtaining the judgment.
Section 9167 requires that the proceeding to vacate a
judgment for fraud shall be commenced within two
years after its rendition.

It becomes important to ascertain whether appellees
discovered evidence, by which they could successfully
impeach the judgment for fraud, before the expiration
of the two-year period. It clearly appears that within
two years after the rendition of the judgment appellees
had knowledge of evidence tending to indicate that the
Longs were guilty of perjury and fraud in procuring the
judgment in Douglas county. It also appears that the
major portion of the more important evidence, introduced
on the trial of this case to establish the fraud, was not
known to appellees until after more than two years
from the entry of the judgment in Douglas county.
Bearing in mind the rule that the evidence to vacate
a judgment for fraud must be clear and convincing
in its nature, we are of opinion that the evidence known
to the appellees at the expiration of the two-year
period was insufficient to establish the charge that the
judgment was procured by fraud, and that it was not
sufficient to have warranted a reasonably prudent person
in commencing a proceeding to vacate the judgment for
fraud. It is suggested that due diligence on the part
of the appellees would have put them in possession of
substantially all of the evidence offered. It may not be
out of place to remark that it ill becomes one, who has
obtained a judgment by his own perjury and fraud, to
complain that his victim has not been diligent in
discovering the chicanery and fraud perpetrated upon
him by which the judgment was procured. There is,
however, a very good reason shown why the appellees
could not, within the two years, discover the needed
evidence. It appears that John H. Krause, now de-
ceased, had been charged with criminal offenses and was
very unpopular in the neighborhood of the residence
of all of the parties, and persons who knew of the

situation refused to give any information or lend any aid in the investigation by. the . Krauses and their attorneys, and not until after the affirmance of the Douglas county judgment by this court and news thereof was published in the local newspapers, and when the people of the community realized that a great wrong had been done, did they consent to talk and give information. The mandate from this court was not issued until after the expiration of the two-year period. It is not, therefore, surprising that appellees did not discover sufficient in the way of evidence to prove the fraud until after the lapse of more than two years and until after the expiration of the time when they could have used it in a proceeding to vacate the original judgment.

Equity will afford relief against a judgment procured by fraud of the successful party, when it appears that the injured party did not, in the exercise of reasonable diligence, discover, within the time allowed for commencing a statutory proceeding to vacate such judgment, sufficient evidence of the fraud to warrant a reasonable belief and expectation that such a proceeding would be successful, if begun.

4. Since this action in equity was begun, the judgment at law was revived as against the heirs of John H. Krause, who died subsequent to the entry of the original judgment. Appellants claim that the revival of the judgment is an adjudication of the question of fraud in its procuration, on the ground that the fraud alleged could have been urged as a defense to the revivor. This contention is unsound for two reasons: First, when a court of equity has once acquired jurisdiction of a cause, it cannot be ousted of its jurisdiction by a subsequent action or proceeding at law in another court. Second, in no case and under no circumstances can the merits of the original judgment be inquired into in a revivor proceeding. Fraud in procuring the original judgment may not be urged as a defense in a proceeding to revive the same. *Supplee v. Halfmann,* 161 Pa. St. 33;.

*Bruno v. Oviatt,* 48 La. Ann. 471; 1 Black, Judgments (2d ed.) sec. 493; 23 Cyc. 1443, 1444. Authorities cited by appellants in support of the contrary view have been examined and found not in point.

From an examination of the entire record, we are satisfied that the judgment of the district court is right, and it is therefore

                             AFFIRMED.