NENA A. SCOTT, APPELLANT, V. FRED F. SCOTT, APPELLEE.

FILED JUNE 9, 1933.   No. 28558.

*Anson H. Bigelow,* for appellant.

*Abbott, Dunlap & Corbett, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

GOSS, C. J.

Plaintiff appeals from a final order sustaining a demurrer to her amended petition and dismissing her cause of action.

The suit was commenced December 27, 1930, by filing a petition in equity praying that a decree rendered November 17, 1917, in the same court, in a divorce suit between the same parties, be vacated. That decree divorced the

parties, awarded custody of minor children and determined property rights of the parties.

The district court sustained a motion of defendant to make the petition more definite by stating when plaintiff first employed legal counsel to protect her rights and by stating whether she instituted suit for that purpose, if so, when and in what court, and requiring her to attach a copy of her petition in that cause. In compliance plaintiff filed her amended petition and attached thereto a copy of her petition, verified by herself and filed in the district court for Douglas county on December 12, 1928.

The allegations of the amended petition are to the effect that in the divorce suit (1) the husband, who was plaintiff there, practiced fraud upon her to bring her into the jurisdiction and in respect of the pleadings, hearing and judgment in that case; (2) that prior thereto, then and long thereafter she was under such mental disability as not to know or appreciate the nature and consequences of her acts and that this condition was known to him; and (3) that this mental condition of plaintiff continued until late in 1926, when she emerged from it, but that it was not until the summer and fall of 1927 that she began to realize what had occurred as to the suit, and in the fall of 1928 she employed her present attorney; and on December 12, 1928, brought the suit in Douglas county.

The demurrer to the amended petition was sustained by the district court on the ground that the suit was brought more than two years after the actual removal of the disability of plaintiff.

The petition shows on its face that she had recovered from her mental unsoundness at least as early as December 12, 1928, which was more than two years before December 27, 1930, when this suit was commenced. An examination of the facts stated in the petition filed December 12, 1928, in the district court for Douglas county shows that she was there seeking damages from her former husband for the same wrongs alleged here and that she there alleged "she gradually recovered her mental

clarity and in 1925 began to gradually realize what had happened to her, and in 1926 realized but not until then knew the manner and extent to which she had been wronged and damaged." Section 20-2008, Comp. St. 1929, requires a proceeding to vacate a judgment for fraud, practiced by the successful party against a person of unsound mind, to be commenced within two years after the removal of such disability. As more than two years had elapsed after the removal of plaintiff's disability before she brought the instant case, it comes within the terms of the statute cited.

However, appellant cites *Krause v. Long*, 109 Neb. 846, as an authority that equity will intervene and afford relief after the time allowed by the statute for a proceeding to vacate the judgment. But the rule of equity laid down there, extending the statutory limitation, was expressly based upon the ground that "the injured party did not, in the exercise of reasonable diligence, discover, within the time allowed for commencing a statutory proceeding to vacate such judgment, sufficient evidence of the fraud to warrant a reasonable belief and expectation that such a proceeding would be successful if begun." So *Krause v. Long* and other Nebraska cases cited therein do not aid appellant but rather negative her position. We are of the opinion the district court did not err in sustaining the demurrer to the amended petition.

Appellant's assignments of error go back of the amended petition and contend that the district court erred in allowing defendant to withdraw his demurrer to the original petition and in allowing his motion to require the petition to be made more specific in the manner heretofore stated. The demurrer to the original petition was filed March 7, 1931. It does not appear that there was anything further done in the case until January 25, 1932, when the transcript shows defendant was allowed to withdraw his demurrer and to file a motion to make more definite and certain. This matter, which went to the formation of the issues, was in the discretion of the trial

court. In the absence of any showing that it prejudiced the ultimate rights of plaintiff, we will not say that this discretion was abused. In plaintiff's original petition she had pleaded her emergence in the last days of 1926 from her mental disability and that it was some time after that before it was possible to procure legal assistance and late in 1928 before she learned the facts with definiteness. She pleaded she had been diligent in behalf of said matters, but in that respect did not plead more than the conclusion. So the court sustained the motion. The result has been to bring out and settle in the pleadings, with a saving of time and expense, what was bound to appear on a trial on the merits. This was an equity case triable to the court. It does not appear that the trial judge abused his discretion to the prejudice of plaintiff. An order of the district court requiring a petition to be made more definite and certain will be sustained unless it clearly appears that the court abused its discretion to plaintiff's prejudice. *Bennett v. Baum*, 90 Neb. 320; 49 C. J. 730.

We find no reversible error in the record. The judgment of the district court is

AFFIRMED.