ANNA M. LINDSTROM, APPELLANT, V. JOHN R. NILSSON, APPELLEE.

274 N. W. 485

FILED JULY 9, 1937. No. 29959.

*R. B. Hasselquist* and *Donald S. Krause,* for appellant.

*Gaines, McLaughlin & Gaines, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and SPEAR and KROGER, District Judges.

KROGER, District Judge.

Appellant, hereinafter referred to as plaintiff, sustained a fractured hip as a result of a fall on the 20th day of January, 1926, and appellee, a duly licensed and practicing physician and surgeon, hereinafter referred to as defendant, was employed to treat such injury.

In June, 1928, plaintiff filed an action in the district court for Douglas county, Nebraska, praying damages from defendant for alleged malpractice in the treatment of such injuries. To this petition, a motion was filed, and no further action was taken with reference thereto until in the year 1930, when the attorney originally employed by plaintiff withdrew from the action and other attorneys were employed, and an amended petition was filed. Defendant filed an answer to such amended petition. In October, 1930,

plaintiff's case was stipulated for trial, but when the trial date arrived, plaintiff's then attorneys also withdrew and the case was continued. Plaintiff was served with notice that on November 20, 1930, defendant's counsel would again ask the court to set the case for trial, and she thereupon secured a new firm of attorneys to represent her and the case was set for trial on January 6, 1931. On said date, plaintiff's attorneys withdrew from the case and the same was continued to January 12, 1931, to enable plaintiff to obtain other counsel. On January 12 another attorney appeared for plaintiff and asked for a continuance to enable him to investigate the case, and same was granted to January 31, 1931, at which time plaintiff's then attorney appeared and withdrew, and the trial court thereupon directed that the case be set definitely for disposition on February 7, 1931, and directed that the plaintiff be notified of such ruling. Defendant's attorneys sent plaintiff a registered letter under date of February 3, 1931, advising her of the action of the trial court, but this letter was returned with the notation "refused." On February 7, 1931, plaintiff was represented by a new attorney and he requested a further continuance to enable him to prepare for trial. This request was refused and the case was set for trial on February 9, 1931. On said date the attorney then representing plaintiff appeared and again made application for a further continuance, which was refused, and plaintiff not being ready for trial, an order was entered dismissing the action for want of prosecution. No further action was taken until in December, 1934, when plaintiff instituted an independent action in equity to set aside the order dismissing her law action, and in October, 1935, filed an amended petition in that proceeding. Issues were joined and trial had, at the conclusion of which the court entered a decree denying plaintiff the relief prayed for and dismissing plaintiff's suit in equity. It is from this order that this appeal is prosecuted.

It is the contention of the plaintiff that the attorney representing her on February 9, 1931, did not advise her

of the action of the trial court dismissing her law action, and that she did not learn of such action until in July, 1933, and that she has a meritorious claim and has been prevented from having the same heard, without any fault on her part.

This court is committed to the rule that equity will not afford relief if the complainant has a remedy by statutory proceeding in the original action, and that to be entitled to equitable relief a party must not have neglected to avail himself of the statutory remedy. See *Brandeen v. Beale,* 117 Neb. 291, 220 N. W. 298; *Krause v. Long,* 109 Neb. 846, 192 N. W. 729.

Plaintiff's attorney of record was present on February 9, 1931, when the order of dismissal was entered, and he was fully advised at all times of the action taken. It has been repeatedly held by this court that notice to the attorney of record is notice to the party represented by such attorney. *Marshall v. Rowe,* 126 Neb. 817, 254 N. W. 480; *Goergen v. Department of Public Works,* 123 Neb. 648, 243 N. W. 886.

No good cause has been shown by plaintiff why proceedings were not instituted to vacate the order of dismissal within the two-year period provided by section 20-2008, Comp. St. 1929. Even after plaintiff discovered the situation, she delayed for a year and a half before taking any action whatsoever, and more than two years before filing her amended petition on which the trial was had. Five separate attorneys or firms of attorneys represented plaintiff up to the time of the dismissal of her action, three of whom withdrew at various times when the case was noted for trial. Each time the defendant had gone to considerable expense in preparing for trial. Defendant was entitled to a final disposition of the suit against him within a reasonable time, and the trial court did not err in dismissing plaintiff's action for want of prosecution, and we find no error in the decree of the equity court in refusing to set aside the order of dismissal.

The decree appealed from was proper and is

AFFIRMED.