GENEVIEVE JOSEPHINE CHISHOLM, APPELLEE, v. DANIEL KENT CHISHOLM, APPELLANT.
251 N. W. 2d 171

Filed March 9, 1977. No. 40838.

Tedd C. Huston, for appellant.

Rodney W. Schwasinger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Revised Uniform Reciprocal Enforcement of Support Act. The complaint was filed in the District Court for Custer County, Nebraska, on July 16, 1974. On August 7, 1974, a temporary order was entered which required the defendant to pay $100 per month pending receipt of medical evidence concerning the condition of John D. Chisholm, defendant's son. On December 31, 1975, the defendant was ordered to pay $50 per month for the support of John commencing January 15, 1976. The defendant has appealed from this order.

The parties were divorced in California in 1971. Their son, John, was then 19 years of age. Pursuant to the divorce proceeding the defendant entered into a property settlement agreement in which he agreed to pay $100 per month for the support of John, the payments to continue after the child reached his majority "so long as said health problem and requirements exist."

John suffers from regional enteritis, a chronic intestinal disease which is incurable and disabling. Although he has been employed for varying lengths of time in the past, the medical evidence shows he is unable to work at this time. He is now 25 years of age and receives $225.80 per month in social security benefits. His medical expenses are paid by Med-Cal and, according to the complaint, are charged in part to the County of Sutter, California, which claims a right to reimbursement.

The defendant contends he should be relieved of all obligations to support his son because his son is now receiving social security benefits and is emancipated. The defendant relies upon the rule that the legal obligation to support a child terminates, generally, when the child

reaches his majority, and the fact that a child has an independent source of income may be considered in determining whether a parent should be relieved of his obligation to support. See Annotation, 1 A. L. R. 2d 910.

The defendant's obligation to support his son arises in this case from the California divorce proceeding and property settlement agreement. § 42-763(b), R. R. S. 1943. The difficult question is to what extent is the defendant now able to contribute to the support of his son.

Under the statute the court in the responding state may fix the support payment at a different amount than that specified by the judgment in the initiating state. Moore v. Moore, 252 Iowa 404, 107 N. W. 2d 97; Swan v. Shelton (Mo. App.), 469 S. W. 2d 943. The ability of the obligor to contribute to the support of the dependent must be considered in fixing the amount of the payment. Commonwealth v. Shaffer, 175 Pa. Super. 100, 103 A. 2d 430.

The defendant is 64 years of age. He is employed as a cook and jailer at the county jail in Custer County, Nebraska. He earns $450 per month gross which amounts to $360 net. He also receives $240 in social security benefits which will be reduced by over one-half because of his earnings. He estimates his living expenses at $300 to $350 per month. It is apparent that the defendant has but a limited ability at this time to contribute to the support of his son. As the defendant grows older this ability will be further reduced.

We think the finding of the trial court that the defendant should not be required to pay $100 per month for the support of his son was correct and is sustained by the record. The defendant is able to make some contribution and the amount fixed by the trial court is reasonable under the circumstances. The order is subject to modification when there has been a further change in the circumstances of the parties.

The judgment of the District Court is affirmed.

AFFIRMED.