STATE OF IOWA EX REL. JANET C. PETERSEN, APPELLEE, V. DENNIS FRANK MINER, APPELLANT.

412 N.W.2d 832

Filed September 25, 1987.   No. 85-142.

James M. Haney, for appellant.

William L. Monahan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of the district court for Douglas County, which ordered appellant father to pay support for a child who resided in Iowa and was in the custody of appellee mother.

The action originated in Iowa under the Iowa equivalent of the Nebraska Revised Uniform Reciprocal Enforcement of Support Act, Neb. Rev. Stat. §§ 42-762 et seq. (Reissue 1984) (URESA). In the petition filed in Iowa (the initiating state), the appellee alleged that under the terms of an Iowa divorce decree the appellant obligor owed a duty of support for two dependent children, Penny Miner, born February 2, 1966, and Tim Miner, born December 17, 1964. Appellee requested enforcement against appellant, who was alleged to be living in Omaha, Nebraska.

A judgment of support was entered directing the matter to be forwarded to the district court for Douglas County. Notice was served on appellant. At the time of the hearing Tim Miner was an adult under both Nebraska law (at 19) and Iowa law (at 18). No further action was had with respect to Tim Miner. The court entered judgment for certain arrearages due the appellee on account of Penny Miner. No appeal was taken from this order, and it is final.

The decree of the Iowa court in the divorce case, which modified a previous decree, mentions a third child, Wendy Miner. No provision or order for support of Wendy is contained in the divorce decree before us. There is no mention of Wendy in the reciprocal petition or the Douglas County District Court decrees in response to that petition. In August 1984 a motion was filed in the district court for Douglas County, alleging that through oversight Wendy's name was omitted from the reciprocal petition and subsequent order of the district court for Shelby County, Iowa. The applicant prayed that the order of support be modified to include Wendy and to order appellant obligor to pay support. The modification was ordered, and this appeal follows.

Appellant, in his assignments of error, alleges that the district court lacked jurisdiction to find a duty of support for Wendy which had not been established by the trial court in the initiating state. For reasons that will follow, we hold that the district court properly found that appellant had a duty to support his child, Wendy, and was correct in ordering payments in support.

Appellant asserts that URESA was enacted *only* for the purpose of enforcing foreign support orders "and not for modification, increase, or decrease of rights due to a prior decree." Brief for Appellant at 10. This position misstates case law as well as the language of the statutes. This court has previously held that "[u]nder [URESA] the court in the responding state may fix the support payment at a different amount than that specified by the judgment in the initiating state." *Chisholm v. Chisholm*, 197 Neb. 828, 830, 251 N.W.2d 171, 173 (1977). In addition, the act itself provides that its purpose is "to improve and extend by reciprocal legislation the enforcement of *duties of support*." (Emphasis supplied.) § 42-762. These "duties of support" are not limited to duties previously imposed by a sister state. They include duties "imposable by law or by order, decree, or judgment of any court . . . ." § 42-763(b). Finally, "imposable by law" is defined as imposable by both common law and statutory law. § 42-763(e).

It seems clear from the face of the act that not only existing orders of support but also existing duties of support which have not been the subject of adjudication may be enforced under part III of URESA. §§ 42-768 et seq. Secondary authorities, as well as courts in other jurisdictions, are in accord with this proposition. One expert, Professor W.J. Brockelbank, has stated that it is a "misconception" that

> only *orders* of support of one state will be enforced in another under the Act. In fact it is "all duties," and the duty, of course, may grow out of the order of support or a judgment or decree but is equally a duty if it never has received judicial attention and now is the basis of litigation for the first time under the Act.

W. Brockelbank, Interstate Enforcement of Family Support 39 (F. Infausto 2d ed. 1971).

Many other jurisdictions have held, and we agree, that the "[p]rovisions of URESA make clear that its applicability is not dependent on the existence of other proceedings." *England v. England*, 337 N.W.2d 681, 683 (Minn. 1983). URESA has often been interpreted to require application of the act in cases in which a duty to support a child is "imposable" by either common law or statutory law. See, e.g., *Johnson v. Ross*, 405 N.E.2d 569 (Ind. App. 1980); *Olson v. Olson*, 534 S.W.2d 526 (Mo. App. 1976); *State ex rel. State of Cal., etc. v. Lagoy*, 54 Or. App. 164, 634 P.2d 289 (1981).

In a URESA proceeding, the initiating state need not determine whether a duty of support exists. Ordinarily, the duty of a parent to support his or her child is imposable by the responding state, even though no previous order of support exists. *Commonwealth of Virginia v. Autry*, 293 Md. 53, 441 A.2d 1056 (1982). See, also, *State ex rel. Alleman v. Shoats*, 101 N.M. 512, 684 P.2d 1177 (1984).

Appellant is concerned that URESA is being used to *create* a duty of support rather than merely *enforcing* such duty. He is correct that URESA "itself creates no duties of family support but leaves this to the legislatures of the several states." Unif. Reciprocal Enforcement of Support Act, Prefatory Note, 9B U.L.A. 382 (rev. 1968). Appellant's obligation to support his minor children was not created by URESA. The common law and statutory laws of most states, including Nebraska and Iowa, provide that parents have an obligation to support their minor children. *Coffey v. Coffey*, 205 Neb. 191, 286 N.W.2d 753 (1980); *In re Marriage of Hoak*, 364 N.W.2d 185 (Iowa 1985). In this case, URESA was used only to enforce appellant's legal obligation to contribute to the support of his children. The act did not independently create this obligation.

Appellant also asserts, in his assignments of error, that the district court erred in finding that the legal age of majority would be governed by Nebraska law, age 19 (Neb. Rev. Stat. § 38-101 (Reissue 1984)), rather than Iowa law, age 18 (Iowa Code Ann. § 599.1 (West 1981)). We hold that the law of the responding state controls with respect to the age at which a minor's custodian ceases to be entitled to child support. *Neff v. Johnson*, 391 S.W.2d 760 (Tex. Civ. App. 1965); *Jane S. D. v.*

*Francis X. D.*, 110 Misc. 2d 737, 442 N.Y.S.2d 918 (1981).
The judgment of the district court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., not participating.