DAVID LEE JOYCE, APPELLANT, V. TEENA JOYCE, APPELLEE.

429 N.W.2d 355

Filed September 23, 1988.   No. 86-309.

Timothy J. Doyle for appellant.

Janice Lipovsky, Deputy Lancaster County Attorney, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and BURKHARD, D.J.

BURKHARD, D.J.

Plaintiff, David Lee Joyce, filed suit in the district court for Lancaster County, Nebraska, against his former wife, defendant, Teena Joyce, seeking a new trial of issues decided by a default judgment in a case brought by Teena under the Nebraska Revised Uniform Reciprocal Enforcement of Support Act, Neb. Rev. Stat. §§ 42-762 et seq. (Reissue 1984) (URESA). David also sought relief from enforcement of the

judgment, which was entered therein on December 31, 1979, and also asked for the vacating of said order.

Trial was held on September 12, 1985, and all issues were resolved against David in the district court's order of March 5, 1986, dismissing his petition. David has appealed the district court's ruling of March 5.

David is the father of Jayson Joyce, born in July 1977. On June 16, 1978, David and Teena, the mother of Jayson, were divorced by decree of the district court of Union County, Iowa. David was ordered to pay $75 per month for the support of Jayson.

David subsequently moved to Nebraska. On September 14, 1979, the aforementioned URESA petition was filed against him, seeking an order directing David to provide support for Jayson. Although summons and, apparently, a copy of the petition were personally served upon him on September 30, 1979, David filed no answer or any other pleading and made no appearance in the case. According to the findings in the March 5, 1986, order, notice of hearing to be held on December 26, 1979, at 8:50 a.m. on the URESA petition was served upon David by certified mail on November 28, 1979. However, both parties, in their briefs, state that notice of the December 26, 1979, hearing was mailed to David on December 21, 1979, a Friday, and received by him on December 26, 1979, but after the hearing had taken place. December 22, 23, and 25, 1979, were apparently not working days. David had been working in Utah for 5 weeks and had returned to Nebraska on Christmas Eve or Christmas Day.

David states that on December 26, 1979, after receiving the notice, he telephoned the Lancaster County courthouse (apparently the county attorney's office) and was told that the hearing had taken place, and there was nothing he could do about it. David says he was not told of the outcome of the hearing, and he made no inquiries at that time regarding the outcome of the hearing. On that same day, David called someone in Union County, Iowa, that had to do with sending notices about child support, and this person told David that she was not aware of any change in his child support obligation.

At the hearing on September 12, 1985, the court took judicial

notice of the proceedings in the URESA hearing held on December 26, 1979. The evidence presented at the default hearing on December 26, 1979, before Judge Samuel Van Pelt indicated that Teena and Jayson required $221 per month for rent, food, clothing, utilities, transportation, and telephone. There were no monetary figures set forth for child care, medical expenses, and incidentals. Teena was receiving $275 per month in assistance from the welfare department. On December 31, 1979, Judge Van Pelt entered an order directing David to pay $275 per month for the support of Jayson. David states that he found out about December 26, 1979, that an order for child support had been entered in Lancaster County, but he did not know the amount. David states he first heard of the modification to $275 per month on August 1, 1983, when he appeared in court for failure to pay child support and spoke with Deputy County Attorney Joe Kelly. David had, however, appeared in the district court for Lancaster County on June 1, 1983, and agreed to pay $150 per month on child support starting June 10, 1983, with $75 of that to be on current support and $25 on arrearage. Obviously, there was some confusion at that hearing.

David filed this action on October 27, 1983. His first assignment of error is that the trial court erred by failing to find that the Nebraska court was without jurisdiction to increase the amount of support previously ordered by the Iowa court. This issue is not one of first impression with this court. *Chisholm v. Chisholm*, 197 Neb. 828, 251 N.W.2d 171 (1977), involved a California divorce and a subsequent proceeding under the Nebraska URESA. The court in *Chisholm*, in reference to the URESA, stated at 830, 251 N.W.2d at 173: "Under the statute the court in the responding state may fix the support payment at a different amount than that specified by the judgment in the initiating state. Moore v. Moore, 252 Iowa 404, 107 N.W.2d 97; Swan v. Shelton (Mo. App.), 469 S.W.2d 943." See, also, *State of Iowa ex rel. Petersen v. Miner*, 226 Neb. 551, 412 N.W.2d 832 (1987).

David's first assignment of error is therefore without merit.

David's second assignment of error is that the trial court erred in finding that due process was observed when it entered

judgment requiring him to pay $275 per month for the support of his minor child.

As previously noted, David did not receive actual notice of the December 26, 1979, hearing until that date, after the hearing had taken place. He filed no appearance or pleadings in the URESA case, nor did he file any request for notice of hearing, even though he was aware that the action was pending. He did not ask what order had been entered on December 26, 1979. He did not go to the clerk of the district court for Lancaster County to obtain a copy of the order, nor did he make inquiry of the county attorney's office as to what order had been entered.

The failure of David to receive notice prior to the taking of a default judgment in the URESA case is not determinative, since notice is not required, David having filed no appearance or pleading in the URESA case. This court held in *Tejral v. Tejral*, 220 Neb. 264, 267, 369 N.W.2d 359, 361 (1985) that

> where a party in a dissolution of marriage case is served personally with a summons and a copy of the petition in the case, and that party chooses not to file any pleading nor to enter an appearance in the case, and has not otherwise requested notice of hearing, notice of default hearing need not be given to such party. We further hold that it is an abuse of the trial court's discretion under § 42-372 to set aside a dissolution decree, properly entered, on the sole basis that notice of hearing was not sent to the party in default of filing any pleading or entering an appearance in the case.

The same rule is applicable in a URESA case.

Due process was duly observed. David's second assignment of error is without merit.

David's third assignment of error is that the trial court erred by finding that David was not equitably entitled to a new trial on the issue of how much child support he should be required to pay.

It is clear from the history of this case that the trial court's action was appropriate and that David is not entitled to any relief, either by statute or through the court's general equity powers.

The Nebraska statutes set out the time limits for requesting a

new trial.

> The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, except (1) where unavoidably prevented, or (2) for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

Neb. Rev. Stat. § 25-1143 (Reissue 1985).

The grounds for vacation of judgment after term are also addressed by statute.

> A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made (1) by granting a new trial of the cause within the time and in the manner prescribed in sections 25-1143 and 25-1145; (2) by a new trial granted in proceedings against defendants constructively summoned as provided in section 25-517; (3) for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order; (4) for fraud practiced by the successful party in obtaining the judgment or order; (5) for erroneous proceedings against an infant or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings; (6) for the death of one of the parties before the judgment in the action; (7) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; (8) for errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section 25-1317; and (9) for taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

Neb. Rev. Stat. § 25-2001 (Reissue 1985).

Neb. Rev. Stat. § 25-2008 (Reissue 1985) determines time limitations on proceedings to vacate after term:

> Proceedings to vacate or modify a judgment or order, for the causes mentioned in section 25-2001, subdivisions

(4), (5) and (7), must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant or person of unsound mind, and then within two years after removal of such disability. Proceedings for causes mentioned in subdivisions (3) and (6) of the same section shall be within three years, and in subdivision (9) within one year, after the defendant has notice of the judgment.

The order of support was entered in Lancaster County on December 31, 1979. David failed to request a new trial or vacation of judgment until October 27, 1983, almost 4 years later. Clearly, he has waited too long to avail himself of any statutorily created relief from judgment.

David also contends he is entitled to relief under the court's general equity powers. An examination of those powers and David's actions shows that such relief must be denied.

The question of when one is entitled to relief from judgment through the court's equity power was addressed by this court in *Emry v. American Honda Motor Co.*, 214 Neb. 435, 447-48, 334 N.W.2d 786, 794 (1983), when the court stated:

It is true that 25-2001 is not the exclusive remedy for vacating a judgment after the term has expired. That statute is concurrent with an independent equity jurisdiction. *Shinn v. Shinn*, 148 Neb. 832, 29 N.W.2d 629 (1947); *Norfolk Packing Co. v. American Ins. Co.*, 116 Neb. 118, 216 N.W. 309 (1927); *Kulhanek v. Kulhanek*, 106 Neb. 595, 184 N.W. 139 (1921).

We note at the outset that to proceed in equity the litigant must show that he was without a remedy at law; more specifically, that § 25-2001 could not serve him. *Shipley v. McNeel*, 149 Neb. 793, 32 N.W.2d 636 (1948); *Lindstrom v. Nilsson*, 133 Neb. 184, 274 N.W. 485 (1937). We believe that the language of the court in *Lindstrom* is particularly pertinent in this regard: "This court is committed to the rule that equity will not afford relief if the complainant has a remedy by statutory proceeding in the original action, and that to be entitled to equitable relief a party must not have neglected to avail himself of the statutory remedy. See *Brandeen v. Beale*, 117 Neb.

291, 220 N.W. 298; *Krause v. Long*, 109 Neb. 846, 192 N.W. 729. . . ."

David knew that a lawsuit had been filed against him in Lancaster County, Nebraska. He was personally served with the summons. He also knew that a hearing had been held in Lancaster County District Court on December 26, 1979. He was advised of that fact on December 26, 1979, via a telephone conversation with the county attorney's office. He was aware, at all times, of the URESA action. He did not go to the clerk of the district court for a copy of the order, nor did he ask the county attorney's office about the order.

Until October 27, 1983, David took no action to vacate the judgment or request a new trial. It is clear that David knew of the lawsuit and the hearing. He consciously chose to disregard any order entered by the Lancaster County District Court.

If David did have grounds for vacating the judgment or requesting a new trial, he should have proceeded in a timely manner, within term or under the statutorily prescribed time guidelines. Because of his actions, David's request for relief through the court's general equity powers must be denied.

David's third assignment is also without merit.

The judgment of the district court is affirmed.

AFFIRMED.