IN RE APPEAL OF VERNON D. CROW.
VERNON D. CROW, APPELLEE, V. STATE OF NEBRASKA,
DEPARTMENT OF SOCIAL SERVICES, APPELLANT.
493 N.W.2d 169

Filed December 18, 1992.    No. S-89-1442.

Robert M. Spire, Attorney General, and Royce N. Harper for appellant.

John R. Brogan for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Claiming that the petitioner-appellee, Vernon D. Crow, was delinquent in the child support he was obligated to pay his former wife, the respondent-appellant, Department of Social Services, apparently at the request of the former wife and pursuant to the provisions of Public Welfare, 45 C.F.R. § 303.72 (1986), initiated steps to intercept Crow's 1986 federal income tax refund. Following an interdepartmental appeal, the department's director sustained the department's action, and Crow then appealed to the district court, which reversed the director's order. In its appeal to this court, the department asserts that the district court erred in determining that Crow was meeting his child support obligation. We reverse.

On March 31, 1978, the district court for York County, Nebraska, dissolved Crow's marriage to the former wife, granted custody of the minor child of the parties to the former wife, and ordered Crow to pay her $125 per month in child support. Although the former wife remained in Nebraska, Crow moved to Arizona and became delinquent in his child support obligation. The former wife thereupon, pursuant to the provisions of the Revised Uniform Reciprocal Enforcement of Support Act, found in Neb. Rev. Stat. §§ 42-762 through 42-7,104 (Reissue 1988), brought an action against Crow in the Superior Court of Maricopa County, Arizona, asking for an

order "for support . . . as shall be deemed fair and reasonable, and for such other and further relief as the law provides." On June 24, 1982, the Arizona court entered an order which directed Crow to pay the accumulated support arrearage of $5,395 and further ordered him to pay support in the sum of $40 per month. The Arizona order specifically provided that it applied "only to this reciprocal support action and does not constitute a modification of any divorce or dissolution decree, or other Court Order, in this State or any other jurisdiction."

Crow paid the arrearage as ordered by the Arizona court and made the monthly payments required by that court. However, there is no evidence that any separate action was taken to modify the Nebraska decree, under the terms of which Crow was, as of June 30, 1986, $4,302.41 in arrears.

The question is whether the Arizona order modified Crow's obligation such that from and after June 24, 1982, his liability was limited to $40 per month notwithstanding the Nebraska decree.

In *Chisholm v. Chisholm*, 197 Neb. 828, 251 N.W.2d 171 (1977), we held that under the terms of the act, the responding state could fix a different amount of support than that specified by the initiating state. We thus affirmed the Nebraska trial court's setting the amount of child support the obligee was required to pay at a sum less than that fixed by the initiating state, California. However, we did not consider whether the Nebraska order merely set the level of payment required for purposes of enforcing support under the act or whether it also modified the amount which accrued under the California order. Neither have we been directed to, nor have we found, any other case in which we have done so.

While it is true that a split of authorities exists as to whether a responding state's order under the act is an effective prospective modification of the child support order of the initiating state, see Annot., 31 A.L.R.4th 347 (1984), our version of the act provides in § 42-792:

> A support order made by a court of this state pursuant to sections 42-762 to 42-7,104 shall not nullify and shall not be nullified by a support order made by a court of this state pursuant to any other law or by a support order made

by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. . . .

Although at an earlier time Arizona law permitted its courts to modify the effect of an initiating state's law, it did not do so when the Arizona order in question was entered.

Prior to its amendment in 1979, Ariz. Rev. Stat. Ann. § 12-1680 read:

A support order made by a court of this state pursuant to this article does not nullify and is not nullified by a support order made *by a court of this state* pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, *unless otherwise specifically provided by the court.* . . .

(Emphasis supplied.) 1970 Ariz. Sess. Laws, ch. 90, § 3.

Under that language, the Arizona Supreme Court held in *Ibach v. Ibach*, 123 Ariz. 507, 600 P.2d 1370 (1979), that a court in the responding state (Colorado) could modify the spousal support provisions of the initiating state (Arizona).

However, in 1979, § 12-1680 was amended in that the language emphasized earlier was removed. 1979 Ariz. Sess. Laws, ch. 99, § 2. Under that version, the Arizona Court of Appeals held in *Westberry v. Reynolds*, 134 Ariz. 29, 653 P.2d 379 (Ariz. App. 1982), that a support order made under the act does not nullify the original order.

As a result, even if § 42-792 permits another jurisdiction to modify a support obligation accruing under a Nebraska decree or order, a matter we do not now decide, the situation remains that at the time in question, the law of Arizona did not empower its courts to do so, a fact the Arizona court apparently recognized by specifically declaring that its order did not modify any other decree.

For the foregoing reasons, the judgment of the district court is erroneous, and it is therefore reversed.

REVERSED.