MARY J. DIKE, APPELLEE, V. ROBERT V. DIKE, APPELLANT.
512 N.W.2d 363

Filed February 25, 1994.    No. S-92-361.

Clay B. Statmore for appellant.

Gary E. Lacey, Lancaster County Attorney, and Andrew Jacobsen for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

FAHRNBRUCH, J.

Robert V. Dike appeals a district court order increasing his child support obligation for his son from $100 to $165 per month and requiring him to provide medical insurance for his son if it is available through Dike's employer. The court's order was entered pursuant to Nebraska's Revised Uniform Reciprocal Enforcement of Support Act (RURESA), Neb. Rev. Stat. §§ 42-762 to 42-7,104 (Reissue 1988 & Cum. Supp. 1992).

We affirm the order of the district court for Lancaster County.

### STANDARD OF REVIEW

Fixing the amount of child support is equitable in nature, and, thus, such determinations under RURESA are reviewable in the same manner as are orders fixing child support in dissolution of marriage proceedings. See *Formanack v. Formanack*, 234 Neb. 325, 451 N.W.2d 250 (1990). The decision whether to grant child support under RURESA is therefore one within the discretion of the trial court, and, although reviewed de novo on the record, the trial court's decision will be upheld absent an abuse of discretion. *Id.*

Dike's brief contains no assignments of error. Although an

appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993); Neb. Ct. R. of Prac. 9D(1)d (rev. 1992). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Hoch, supra*.

## FACTS

On May 6, 1985, the district court for Madison County, Nebraska, entered a decree dissolving the marriage of Dike and his wife, Mary. Custody of their minor child was granted to the mother, and Dike was ordered to pay $100 per month in child support.

The mother later moved to Union County, Iowa. In 1991, the mother filed a petition in an Iowa court under that state's version of the Uniform Reciprocal Enforcement of Support Act, seeking enforcement of the Nebraska child support order, medical coverage, and collection of child support arrearages. The mother's petition in the Iowa court reflects that she was unemployed and that Dike was in arrears in his child support. At that time, the mother and the Dikes' child were receiving public assistance in Iowa monthly in the amount of $360 plus $195 in food stamps.

The Iowa court (the initiating court under RURESA) determined that Dike owed a duty of support for his son and that jurisdiction over Dike could be had in Lancaster County. The Iowa court thus determined that further proceedings were warranted and caused the mother's petition filed in Iowa to be forwarded for further proceedings to Lancaster County, where Dike resided. See *Formanack, supra*.

The Lancaster County Attorney, on behalf of the mother, filed a petition in the district court for Lancaster County (the responding court under RURESA) seeking enforcement of the then current support order and requesting that Dike be ordered to (1) pay child support within the parameters of the Nebraska Supreme Court's child support guidelines; (2) provide medical insurance coverage for the child; (3) pay child support

arrearage; and (4) pay costs of the action, including attorney fees.

Following a hearing before the district court's child support referee, at which hearing Dike appeared pro se and testified, the referee made findings of fact and forwarded recommendations to the district court. The referee found that Dike had paid $830 on February 4, 1991, leaving no child support arrearage. The referee recommended that the district court order Dike to pay $165 per month in child support effective March 1, 1992; that he be ordered to provide medical insurance coverage for his son if it were available to him through his employer; and that he be ordered to pay costs of the action. The referee recommended denial of (1) the registration of child support in arrearage, (2) repayment of birthing expenses, (3) genetic testing, and (4) attorney fees.

Following an evidentiary hearing at which Dike was represented by counsel, the district court, over Dike's objection, entered an order in accordance with the referee's recommendations. Dike timely appealed.

## ANALYSIS

Although Dike's brief contains no assignments of error, he apparently is claiming that the district court for Lancaster County had no authority to increase his child support obligation under RURESA, since the district court for Madison County in its divorce decree had already ordered him to pay child support in the amount of $100 per month.

We first note that the district court for Lancaster County had jurisdiction of Dike, who resides in Lincoln, and therefore had jurisdiction of the mother's petition for enforcement of Dike's duty to support his child under RURESA. See, § 42-775; *Formanack v. Formanack*, 234 Neb. 325, 451 N.W.2d 250 (1990). See, also, *Thompson v. Thompson*, 93 So. 2d 90 (Fla. 1957) (finding that a court located where the father resided in Florida had jurisdiction of the proceedings even though the parents had been divorced in a different county in Florida and the mother had moved to Connecticut).

We have previously held that in RURESA proceedings, a trial court may fix a support payment at a different amount

than that specified by a judgment rendered in the initiating state. *Joyce v. Joyce*, 229 Neb. 831, 429 N.W.2d 355 (1988); *State of Iowa ex rel. Petersen v. Miner*, 226 Neb. 551, 412 N.W.2d 832 (1987); *Chisholm v. Chisholm*, 197 Neb. 828, 251 N.W.2d 171 (1977). In this case, the district court fixed a child support payment at a different amount from that specified by another court within this state, rather than within the initiating state. However, the same principle announced in *Joyce* applies under the facts of this case.

It is true that RURESA does not create a new duty to support a child. *State of Iowa ex rel. Petersen, supra*. Under RURESA, a responding court enforces the duty of support, as distinguished from the amount of the support decreed. See *Thompson, supra*.

The power of the responding trial court to enter its own prospective support order different in amount from that contained in the original divorce decree is also supported by two statutory provisions in RURESA and its predecessor acts. Section 42-792 states:

A support order made by a court of this state pursuant to [RURESA] *shall not nullify* and shall not be nullified by *a support order made by a court of this state pursuant to any other law* or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.

(Emphasis supplied.)

Section 42-764 states that "[t]he remedies provided in [RURESA] are in addition to and not in substitution for any other remedies."

In Dike's case, the district court for Lancaster County did not nullify, modify, or supersede the original support decree, but instead provided an additional, supplementary, or cumulative remedy. Under § 42-792, child support paid by Dike pursuant to the divorce decree will be credited against the

amounts owing under the new order.

Generally, child support payments should be set according to the Nebraska Child Support Guidelines. Neb. Rev. Stat. § 42-364.16 (Reissue 1988); *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991). In this case, the court ordered the child support in accordance with the referee's recommendations. The referee based her recommendations upon the Nebraska Supreme Court's child support guidelines and in fact recommended a deviation downward because Dike had three dependent children living in his home.

Based upon a de novo review of the evidence and the record in this case, it cannot be said that the trial court abused its discretion in fixing Dike's child support obligations. Therefore, we find no plain error justifying reversal of the trial court's order. In all respects, the order of the district court for Lancaster County is affirmed.

AFFIRMED.