TATANKA SAPANAJIN, APPELLANT, V. CHARLES WOLFORD, SIDNEY POLICE DEPARTMENT, ET AL., APPELLEES.

383 N.W.2d 796

Filed March 28, 1986. No. 85-462.

Tatanka SapaNajin, pro se.

John F. Simmons of Wright, Simmons & Selzer, for appellees Wolford et al.

Robert M. Spire, Attorney General, and Sharon M. Lindgren, for appellees Bobo and Dorwart.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Tatanka SapaNajin, acting pro se, appeals from an order of dismissal entered by the district court for Cheyenne County. We affirm the order of the district court.

SapaNajin brought this action in the county court for Cheyenne County on June 18, 1984. The claim arises from an arrest described in *SapaNajin v. Johnson*, 219 Neb. 40, 360 N.W.2d 500 (1985). In that case we affirmed the denial of the appellant's habeas corpus application.

In the current action SapaNajin names two officers of the Sidney Police Department, the county sheriff, a deputy county sheriff, two jailers, the county attorney, a deputy county attorney, the county judge, and an associate county judge as defendants in his claim for a $20 penalty allowed by Neb. Rev. Stat. § 29-512 (Reissue 1979).

The county court sustained demurrers by the appellees and dismissed the case. In a journal entry dated December 27, 1984, the judge stated that the petition did not state a cause of action and could not be amended to state a cause of action because § 29-512 is unconstitutional.

Following dismissal by the county court, SapaNajin filed a petition in error in the district court for Cheyenne County. Along with the petition in error, the appellant filed a motion to proceed in forma pauperis in lieu of paying the docket fee. The defendants in the county court proceeding were named as defendants in error and were served with summonses in the proceedings in error.

The defendants in error filed demurrers alleging that the action should be dismissed because the petition in error did not state a cause of action upon which relief could be granted. In a separate motion to dismiss, the defendants in error alleged that the action is frivolous or malicious and that the petitioner in error proceeded without payment of fees and without the court's authority to proceed without payment. On May 14, 1985, the district court sustained the demurrers and found that it was without jurisdiction to entertain the petition in error.

The appellees point out that proceedings in error are distinct from the appeal process, and, since Nebraska district courts have no jurisdiction to review county judgments in proceedings in error, the district court correctly sustained the demurrers and dismissed SapaNajin's petition in error. Appellees argue that if a party seeks review of a county court decision, it must follow the appeal procedure set out in Neb. Rev. Stat. § 24-541.02 (Cum. Supp. 1982):

(1) In order to perfect an appeal from the county . . . court the appealing party shall within thirty days after the rendition of the judgment or making of the final order complained of:

(a) File with the clerk of the county . . . court a notice of appeal; and

(b) Deposit with the clerk of the county . . . court a docket fee in the amount of the filing fee in district court for cases originally commenced in district court.

(2) Satisfaction of the requirements of subsection (1) of this section shall perfect the appeal and give the district court jurisdiction of the matter appealed . . . .

Appellees argue further that 1974 Neb. Laws, L.B. 733, was promulgated for the express purpose of eliminating the petition in error as a method of obtaining district court review of county court judgments. The introductory statement of L.B. 733 recites that it is an act to "eliminate petition in error proceedings." That bill amended two relevant statutes:

24-541. In all cases not otherwise specifically provided for, either party may appeal from the final judgment of the county or municipal court to the district court of the county where the judgment was rendered. All such appeals shall be ~~by petition in error or~~ de novo on the record . . . .

And under the heading "Review on Petition in Error":

25-1901. A judgment rendered, or final order made, by ~~a county court or~~ any ~~other~~ tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court.

In *Languis v. De Boer*, 181 Neb. 32, 146 N.W.2d 750 (1966),

we were confronted with an almost identical procedural problem. Some of the appellants had filed a petition in error with the district court for review of changes made by the county superintendent. A 1963 amendment established a new appeal process for the appellants' situation. Previous to that amendment, review could be had only by proceedings in error. The trial court held that the appeal procedure was the exclusive method of review and dismissed the petition in error. We found on the contrary, that the 1963 amendment was not intended to eliminate proceedings in error.

Such was not the case, however, with 1974 Neb. Laws, L.B. 733. That bill was clearly intended to eliminate proceedings in error as a method of obtaining district court review of a decision rendered by a county court. The appeal procedure is, indeed, exclusive in this instance. The district court was correct.

Finally, the appellant raises several constitutional arguments that 1974 Neb. Laws, L.B. 733, is infirm, since the appellant, acting pro se, could not determine the proper method of obtaining review in the district court. We disagree. Section 24-541.02 is neither vague nor overbroad.

As we stated in *McCorison v. City of Lincoln*, 218 Neb. 827, 830, 359 N.W.2d 775, 777 (1984), a litigant has every right to represent himself or herself. "By doing so, however, he must be bound by the same rules that bind all others, and the fact that he may not have as much knowledge about the mechanics of the law does not grant the courts the right to disregard them."

Even if error proceedings had been a viable procedure for review in this instance, neither the district court nor this court acquired jurisdiction. The filing of a petition in an error proceeding, accompanied by a certified transcript of the proceedings complained of, is jurisdictional. *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976). Such was not done in this instance.

The judgment of the district court was correct and is affirmed.

AFFIRMED.