IN RE GUARDIANSHIP OF BRANDI NICOLE POTTER, A MINOR CHILD. STEVEN MICHAEL POTTER, APPELLANT, V. TERRI LYNN ROSCOE, APPELLEE.

453 N.W.2d 755

Filed April 20, 1990.    No. 89-880.

Avis R. Andrews for appellant.

Daniel A. Smith, of Stanek & Smith, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Appellant, Steven Michael Potter, attempts to challenge the district court's affirmance of the county court judgment which appointed appellee, Terri Lynn Roscoe, as guardian of Potter's daughter, Brandi Nicole, a minor born July 14, 1985. We dismiss the appeal for want of jurisdiction.

It is well settled that if the district court did not acquire jurisdiction of this matter, neither did this court acquire jurisdiction of any purported appeal from the district court. *Wood v. Tesch,* 222 Neb. 654, 386 N.W.2d 436 (1986), *overruled*

*on other grounds, Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989); *Moell v. Mennonite Deaconess Home & Hosp.*, 221 Neb. 168, 375 N.W.2d 618 (1985). It therefore becomes necessary to review the manner in which this proceeding was brought to the district court.

The order in question was entered by the county court under the provisions of Neb. Rev. Stat. §§ 30-2601 et seq. (Reissue 1989) on April 6, 1989. On May 3, 1989, Potter filed in the district court a pleading entitled "Petition in Error" in which he describes himself as the "Plaintiff in error," asserts that the county court erred in a variety of ways, and prays that the district court reverse the county court's judgment. On May 8, 1989, Roscoe, through her attorney, executed a document acknowledging receipt of a copy of the foregoing district court pleading and waiving issuance and service of summons. That document was filed with the district court on May 17, 1989.

It is therefore clear that Potter sought to obtain district court review of the county court's judgment under the error proceedings permitted by Neb. Rev. Stat. § 25-1901 (Reissue 1989). The foregoing statute provides that, with an exception not material here, the district court may reverse, vacate, or modify the judgment of "any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court . . . ." However, in *SapaNajin v. Wolford*, 222 Neb. 387, 383 N.W.2d 796 (1986), we reasoned that by removing the former reference in § 25-1901 to county court judgments, the Legislature manifested a clear intent to eliminate proceedings in error as a method of obtaining district court review of decisions rendered by the county court, and thus concluded that § 25-1901 does not apply to judgments of the county court. Consequently, we ruled that the exclusive method of obtaining district court review of a decision of the county court is by appeal. Neb. Rev. Stat. § 25-2728 (Reissue 1989) makes provision for the appeal of county court judgments, including those arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 et seq. (Reissue 1989) (of which the statutes relating to the guardianship of minors are a part), to the district court.

Nor will a liberal construction of Potter's district court

petition as one on appeal save his effort to have obtained district court review of the county court judgment. This is so because he neither, as required by Neb. Rev. Stat. § 25-2729 (Reissue 1989), filed in the county court a notice of appeal nor deposited with that court the designated docket fee.

We must therefore conclude that Potter's petition in error did not confer upon the district court jurisdiction to review the judgment of the county court and that, as a result, this court acquired no jurisdiction over the matter.

Accordingly, we must, and do hereby, dismiss this appeal.

APPEAL DISMISSED.