LYNN H. MILLER, APPELLANT, V. RICHARD D. BRUNSWICK, CHIEF OF POLICE, MCCOOK POLICE DEPARTMENT, APPELLEE.

571 N.W.2d 245

Filed September 26, 1997.  No. S-96-183.

Bert E. Blackwell for appellant.

G. Peter Burger, of Burger & Bennett, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CONNOLLY, J.

McCook Police Chief Richard D. Brunswick denied a handgun permit to Lynn H. Miller. Miller appealed to the county court of Red Willow County, Nebraska, which affirmed the denial because Miller did not prove he had made a lawful application for the permit. Miller then appealed to the district court, and the district court affirmed. Miller appeals the denial of the permit to this court. Brunswick argues that Miller should have brought his action to the district court on a petition in error, and thus, the district court lacked jurisdiction to hear the matter. Because the exclusive method of district court review of the decision of a county court is by appeal rather than by petition in error, jurisdiction is proper. However, because Miller failed to timely file a statement of errors in the district court as required by Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1996), this court will review the record only for plain error. Finding no plain error, we affirm.

## BACKGROUND

Miller was denied a permit for a handgun pursuant to Neb. Rev. Stat. § 69-2401 et seq. (Cum. Supp. 1994) and appealed the denial to the county court as provided by § 69-2406. At the hearing on the matter, a copy of Miller's application for a handgun was not received into evidence. However, there was testimony that the application was incomplete because Miller had not answered a question inquiring whether he had ever been adjudicated as mentally defective or committed to a mental institution. The county court determined that a lawful application for a permit had not been made and dismissed the action. Miller then perfected an appeal to the district court under the procedures required by Neb. Rev. Stat. § 25-2729 (Reissue 1995). The bill of exceptions was filed with the district court on October 25, 1995, and a statement of errors was filed on November 27. The district court found that the record did not show a lawful application had been filed by Miller and affirmed

the county court's decision. Miller appeals the decision of the district court. Brunswick contends this court lacks jurisdiction because Miller should have brought his case before the district court on a petition in error rather than by appeal.

## ASSIGNMENTS OF ERROR

Miller assigns as error that (1) the county and district courts erred in finding he had the burden to prove the underlying handgun permit, (2) the county and district courts erred in dismissing his appeal because the application for a handgun permit was not made part of the record, and (3) the denial of a handgun permit by Brunswick was not sustained by the evidence.

## STANDARD OF REVIEW

Appellate review is limited to those errors specifically assigned in the appeal to the district court and again assigned as error in an appeal to a higher appellate court. *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995).

Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996); *In re Estate of Morse*, 248 Neb. 896, 540 N.W.2d 131 (1995); *Dike v. Dike*, 245 Neb. 231, 512 N.W.2d 363 (1994); *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993).

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997); *Priest v. Priest*, 251 Neb. 76, 554 N.W.2d 792 (1996); *Biddlecome v. Conrad*, 249 Neb. 282, 543 N.W.2d 170 (1996); *In re Estate of Morse, supra*; *In re Estate of Soule, supra*.

## ANALYSIS

We must first determine if this court has jurisdiction over Miller's appeal. Brunswick contends Miller was required to seek review in the district court on a petition in error under Neb.

Rev. Stat. § 25-1901 (Reissue 1995) rather than by appeal. To support this position, Brunswick argues this case is not a "civil case" as listed in the statutory section applicable to appeals from a county court to the district court, see Neb. Rev. Stat. § 25-2728 (Reissue 1995), and cites to cases regarding procedures followed pursuant to the Administrative Procedure Act. However, such arguments are not applicable to this case. The district court did not review the decision of an administrative agency or a "tribunal, board, or officer exercising judicial functions," as provided for in § 25-1901. Rather, this case deals with an appeal from the county court to the district court.

The method of obtaining district court review of decisions rendered by the county court is by appeal pursuant to § 25-2728. *In re Guardianship of Potter*, 235 Neb. 149, 453 N.W.2d 755 (1990); *SapaNajin v. Wolford*, 222 Neb. 387, 383 N.W.2d 796 (1986). Section 25-2728 provides that "[a]ny party in a civil case . . . may appeal from the final judgment or final order of the county court to the district court of the county where the county court is located." The statutory section pertaining to review on petition in error is § 25-1901. This section provides that "[a] judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court . . . ."

The Legislature eliminated the petition in error as a method of obtaining district court review of county court judgments by eliminating reference to the county court in § 25-1901. See 1974 Neb. Laws, L.B. 733. In *SapaNajin*, and again in *In re Guardianship of Potter*, we found that the removal of the former reference to county court judgments in § 25-1901 manifested a clear legislative intent to eliminate proceedings in error as a method of obtaining district court review of county court judgments. As a result, we ruled that § 25-1901 does not apply to judgments of the county court and that the exclusive method of obtaining district court review of a county court decision is by appeal. Because Miller followed the proper procedure to perfect an appeal to the district court, jurisdiction is proper. However, because Miller failed to timely file a statement of errors as

required by rule 52(I)(G), this court will not consider the errors assigned by Miller on appeal.

Rule 52(I)(G) provides in part as follows:

Within 10 days of the filing of the bill of exceptions in the district court, the appellant shall file with the district court a statement of errors, which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the case will be limited to errors assigned and discussed. The district court may, at its option, notice a plain error not assigned.

This court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to this court. *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995); *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990).

Miller did not comply with the 10-day rule as required by rule 52(I)(G). The bill of exceptions was filed on October 25, 1995, and the statement of errors was filed on November 27. Due to the untimely filing of the statement of errors, no errors were properly assigned to the district court. Accordingly, this court will not consider the errors assigned on appeal.

This court reserves the right to review the record for plain error, regardless of whether the error was raised at trial or on appeal. Neb. Rev. Stat. § 25-1919 (Reissue 1995). See rule 52(I)(G). We conclude that no plain error was present in this case.

AFFIRMED.