IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. KOCH


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

ISAAC D. KOCH, APPELLANT.


Filed September 13, 2022.    No. A-22-084.


Appeal from the District Court for Platte County, ROBERT R. STEINKE, Judge, on appeal thereto from the County Court for Platte County, FRANK J. SKORUPA, Judge. Judgment of District Court affirmed.

Isaac D. Koch, pro se.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.


PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Isaac D. Koch appeals from Platte County District Court's affirmance of his plea-based conviction in the Platte County Court for attempted violation of a domestic abuse protection order, a Class II misdemeanor. He argues that the district court erred in refusing to grant a waiver or extension of time to file a statement of errors and in not finding plain error by the county court relating to his conviction and sentence. For the reasons stated herein, we affirm.

### STATEMENT OF FACTS

In April 2021, Koch was charged in the Platte County Court with violation of a domestic abuse protection order, a Class I misdemeanor. See Neb. Rev. Stat. § 42-924(4) (Cum. Supp. 2020). Pursuant to a plea agreement, Koch pled no contest to a reduced charge of attempted

- 1 -

violation of a domestic abuse protection order. See Neb. Rev. Stat. § 28-201 (Reissue 2016) (criminal attempt). Additionally, pursuant to the plea agreement, the State dismissed a separate felony charge pending against Koch in the district court and agreed to recommend probation at sentencing. In support of the factual basis to support Koch's plea, the county court took notice of the probable cause affidavit which provided that, on January 12, 2021, officers were dispatched to a specific address located in Platte County in response to a witness report that he "had observed a male . . . in the basement and also secured a shotgun from the residence." Officers contacted the witness who had been invited into the residence by the victim and her two children. The witness stated that, while the victim was giving him a tour of the residence, he received a text from Koch stating that Koch "was being held hostage by [his wife (the victim)] and was tied [downstairs] in the basement." Upon going to the basement, the witness observed Koch sitting in a chair "tied up [with] duct tape around his mouth." The witness instructed the victim and the children to leave the residence, called 911, and secured a shotgun which he found "placed by the side door near the living room." When officers arrived at the residence and announced themselves, they heard "a muffled voice coming from the basement." Upon entering the basement, officers observed Koch "sitting in a chair facing away from the basement stairs" with "a yellow cord wrapped around his knees and left wrist" and duct tape over his mouth, which officers removed. Officers also observed a cell phone resting in Koch's lap. When asked who had tied him up, Koch admitted that "he had done this to himself because he wanted to show [the victim] . . . how he was feeling about the protection order and not [being] able to [see] his children." Koch also admitted that he had been at the residence "all day" and that the shotgun was for the victim "because she need[ed] something to protect herself and the children." The witness and the victim were initially unaware that Koch was in the basement of the residence and did not see Koch's vehicle parked on the property because Koch had parked the vehicle "behind an old barn away from the house." Koch admitted being aware that he was in violation of the protection order in favor of the victim and two children.

After accepting Koch's plea, the court ordered a presentence investigation report and mental health evaluation. Koch did not complete the mental health evaluation prior to sentencing as ordered. Additionally, prior to sentencing, Koch's counsel filed a motion to withdraw at Koch's request. Thereafter, Koch, appearing pro se, filed a motion to withdraw his plea, which motion was denied. At the sentencing on September 29, 2021, the county court stated:

Considering the nature of the charges and considering the absurdity of the way that you violated the protection order by tying yourself up in the basement of your wife's home with a gag and telling at least [the witness], according to the police report --

. . . .

. . . [A]ccording to the police report contained in the presentence investigation that you had received -- that [the witness] said that he received . . . a text stating that [Koch] was being held hostage by [the victim] and he was tied . . . downstairs in the basement and to come and get [Koch], and the fact that you yourself as indicated that it was an attempt to communicate with [the victim] under the strangest way that I have ever heard of in my life, . . . the fact that there was a gun involved and at least you indicate . . . was provided for -- and I admit that you didn't have the gun with you at the time, that it was left in the house somewhere else, based on those circumstances the court finds that you are sentenced to a term of 60 days in the Platte County Jail.

On October 27, 2021, Koch filed a pro se notice of his intent to proceed with an appeal to the Platte County District Court along with a motion to proceed in forma pauperis. In support of his motion, Koch filed a poverty affidavit wherein he asserted his claims on appeal would include

(a) impossibility of attempting to violate a protection order[;] (b) that effectively awarding one year of custody is not issued in compliance with [Neb. Rev. Stat.] § 42-924[;] (c) an injunction presuming the power, for the state, to proscribe all speech and peaceful assembly, even against just one person, is unconstitutional and therefore, transparently invalid[;] (d) political speech, that being my self-restraint, is protected speech[;] (e) the court erred by selecting a few . . . filings, based on content, as impermissible . . . under a transparently invalid injunction, when imposing the sentence[;] (f) my plea was not knowingly and voluntarily entered[;] and (g) assistance of my counsel was effectively deficient.

Although he included allegations of error in the poverty affidavit, Koch did not file a separate statement of errors in the district court as required by county court and district court rules. See Neb. Ct. R. §§ 6-1452(A)(6) (uniform county court rules) and 6-1518(B) (uniform district court rules). As a result, the district court reviewed Koch's appeal for plain error and, finding none, affirmed Koch's conviction and sentence. Koch then filed a motion to reconsider requesting the court excuse his lack of compliance with court rules as he was not represented by counsel and had substantially complied with the rules and alleged county court errors. The district court overruled his motion to reconsider. Koch has now appealed to this court.

ASSIGNMENTS OF ERROR

On appeal, Koch assigns as error that the district court erred in declining to extend his time to file a statement of errors and in reviewing his appeal for plain error only.

In his brief, Koch argues the following additional allegations of error: (1) "Is the Charge a Crime, One Specific?;" (2) "Does the Evidence Support a Conviction?" including subparts under which he argues that (a) the factual basis did not support his conviction, (b) he did not take a substantial step in committing the crime, (c) the injunction against him was unenforceable, and (d) the protection order prohibiting all contact and communication was an improper criminalization of his speech; and (3) "Can the Plea be Withdrawn?" under which he argues (a) his plea was not understandingly or knowingly made, and (b) the court did not have time to examine his complaint regarding his minor child, that the separate felony charged dismissed in exchange for his plea was an "improper escalation of an admittedly incomplete stalking offense into an aggravated stalking offense," allowing withdrawal of his plea would not create additional expense for the county, and that his no contest plea permitted him to evade certain consequences. Koch failed to assign as error any of these arguments. An appellate court does not consider errors which are argued by not assigned. *State v. Nielsen*, 301 Neb. 88, 917 N.W.2d 159 (2018). Accordingly, we decline to consider the errors that were argued but not assigned as error. See *State v. Dixon*, 306 Neb. 853, 947 N.W.2d 563 (2020) (to be considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief of party asserting error).

Further, these issues were not reviewed by the district court which dismissed the matter for failure to file a statement of errors following a plan error review. See *Miller v. Brunswick*, 253

Neb. 141, 571 N.W.2d 245 (1997) (appellate court, in reviewing decisions of district court which affirmed, reversed, or modified decisions of county court, will consider only those errors specifically assigned in appeal to district court and again assigned as error in appeal to this court). Due to Koch's failure to file a statement of errors, no errors were properly assigned to the district court. Accordingly, this court will not consider these additional errors assigned on appeal. See *id*. We only consider the first two assignments of error set forth above.

STANDARD OF REVIEW

On appeal from the county court, a district court's ruling on a motion to extend the time for filing a statement of errors will be reviewed for an abuse of discretion. *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Lombardo v. Sedlacek,* 299 Neb. 400, 908 N.W.2d 630 (2018).

In cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only. *Houser v. American Paving Asphalt, supra*.

ANALYSIS

Koch claims that the district court erred in refusing to suspend court rules or grant him an extension to file a statement of errors and in reviewing his appeal on plain error only. Koch asks this court to find that the district court erred in refusing to excuse his failure to file a statement of errors because his arguments were included within his poverty affidavit. Specifically, Koch argues:

> Under these circumstances, [Koch] is precluded from separately addressing each of the errors, of which the District Court was aware, from his *Poverty Affidavit* (T13-15). "Th[e appellate] court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to this court." *Miller v. Brunswick*, 253 Neb. 141 (1997). Therefore, losing the opportunity to argue them affects his substantial right.

Brief for appellant at 20.

> Neb. Ct. R. § 6-1518 provides that:
> [w]ithin 10 days of filing the bill of exceptions in an appeal to the district court, the appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned.

However, "[u]pon the showing of good cause, a rule may be suspended in a particular instance in order to avoid a manifest injustice." Neb. Ct. R. § 6-1519. In Nebraska, a pro se party is held to

the same standards as one who is represented by counsel. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

In *Houser v. American Paving Asphalt*, 299 Neb. 1, 18-19, 907 N.W.2d 16, 28-29 (2018), the Nebraska Supreme Court stated that:

> On the whole, our case law teaches that there is flexibility in applying the statement of errors rule. The district court has discretion to extend the time for filing a statement of errors. It has discretion to consider errors brought to its attention in ways other than a timely filed statement of errors. And in light of the purpose of this "procedural tool," we see no reason to unduly constrict the district court's discretion. Of course, this discretion is not unlimited. And we provide some guidance for the exercise of this discretion.

> The situation here is analogous to one where an appellant's brief in the Supreme Court or the Court of Appeals does not contain an assignments of error section. One of our court rules requires a section of the appellant's brief to contain, under an appropriate heading, "[a] separate, concise statement of each error a party contends was made by the trial court. . . ." Like the district court's statement of errors rule, our rule cautions that "consideration of the case will be limited to errors assigned and discussed," but that "[t]he court may, at its option, notice a plain error not assigned." In contrast to the district court's rule, our rule is grounded in statute, which requires that "[t]he brief of appellant shall set out particularly each error asserted. . . ."

> We have never interpreted § 2-109(D)(1)(e) to leave us powerless to consider errors that were not properly presented. But we have repeatedly stated that we may proceed as though the party failed to file a brief entirely or, alternatively, may examine the proceedings for plain error. We believe that the district court should have the same flexibility.

> Thus, we hold that on appeal from the county court, a district court's ruling on a motion to extend the time for filing a statement of errors will be reviewed for an abuse of discretion. Numerous situations are possible. For example, an appellant may recognize the omission before an opponent or the court has responded. An opponent may have responded, but only in a summary fashion. An opponent may have submitted a full brief relying on the omission. Or the omission may not have been noted until after the appeal was submitted to the district court. The specific circumstances should drive the court's exercise of discretion. And it is important whether the circumstances are rooted in the moving party's own neglect.

Here, the only evidence before us in the record pertaining to Koch's failure to file the statement of errors is contained in Koch's motion to reconsider wherein he asked the district court to waive the statement of errors requirements and grant him additional time to provide one. However, the motion to reconsider was filed after the district court had already entered its order finding Koch failed to comply with Neb. Ct. R. § 6-1518. Further, it is apparent from the record that Koch's failure to file a separate statement of errors was the result of his own neglect. Although Koch eventually argued his lack of counsel created extenuating circumstances which should afford him some level of relief associated with his neglect, we note that his counsel withdrew at Koch's request prior to sentencing in the county court and Koch decided to represent himself thereafter. The Nebraska Supreme Court's pronouncements in *Houser v. American Paving Asphalt*, 299 Neb.

1, 907 N.W.2d 16 (2018), are instructive that the timing of a request to extend the filing of a statement of errors is material to the exercise of the court's discretion in granting such requests. Because Koch did not present his request to extend the statement of errors deadline until after the district court had ruled on the issue, we find that the district court did not abuse its discretion in refusing to grant a waiver or additional time to file a statement of errors or in limiting its review of Koch's appeal to plain error.

Having found no abuse of discretion in the district court's determination that its review was limited to plain error, our review of Koch's conviction and sentence is also limited to plain error. See *id*. (in cases where no statement of error was filed and district court reviewed for plain error, higher appellate court likewise reviews for plain error only). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

Having reviewed the record for plain error, and finding none, we affirm the district court order affirming Koch's conviction and sentence.

AFFIRMED.